UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _4/20/2018_

ROBERT JACKSON

                Plaintiff,

    -against-

C.O. ANGELA JACKSON, C.O. M. WALKER, C.O. J. JAMES,

                Defendants.

No. 16-cv-8516 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

      Plaintiff Robert Jackson, proceeding *pro se*, commenced this action on November 1, 2016, against Defendants Angela Jackson, J. James, and M. Walker, alleging at least two discernable causes of actions under 42 U.S.C. § 1983: (1) Defendants assaulted Plaintiff in violation of his Fourth Amendment rights; and (2) that Defendants filed a false misbehavior report to cover up their misdeeds in violation of Plaintiff's Fourteenth Amendment rights. (Compl., ECF No. 2.) Before the Court is Defendants' unopposed Partial Motion to Dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6). For the following reasons, Defendants' Partial Motion to Dismiss is GRANTED.

## BACKGROUND

Plaintiff Robert Jackson ("Jackson"), proceeding *pro se*, is currently incarcerated at the Sing Sing Correctional Facility ("Sing Sing") located in Ossining New York. (Compl. at 2.) On June 4, 2015, Plaintiff was in the Sign Sing "HBB" mess hall when he got into an argument with Corrections Officer ("C.O.") Angela Jackson. After the argument, Plaintiff was taken to the bridge area of the mess hall where the Defendants, Correction Officers Jackson, J. James, and M. Walker, proceeded to beat Plaintiff. (Compl. at 4.) Following the beating, Defendants allegedly fabricated a misbehavior report in order to "justify their actions." (*Id.*)

As a result of the beating, Plaintiff suffered a seizure, a hematoma to the scalp with an abrasion to the same area, shoulder bruises and abrasions to the right shoulder, a bruise on the right "mid clairicle [sic]," and abrasions to both knees. (*Id.* at 5.) These injuries caused Plaintiff significant pain.

Plaintiff seeks damages in the amount of $1 million along with punitive damages in the same amount. Plaintiff also requests that no money be taken from his account until the completion of this suit, and that this Court acquire the color photographs of his injuries. (*Id.*)

On April 11, 2017, this Court waived the pre-motion conference requirement and set a briefing schedule for the instant motion. (ECF No. 11.) Moving papers were to be served by May 23, 2017, and Plaintiff's Opposition was to be served by June 23, 2017. (*Id.*) On July 11, 2017, this Court deemed the Motion to Dismiss as fully submitted after Defendants' Counsel notified the Court that Plaintiff had not served any opposition papers upon Defendants, nor requested an extension of time to serve his papers. (ECF No. 18.)

## STANDARD ON A MOTION TO DISMISS

The relevant inquiry under Rule 12(b)(6) is whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. To survive a motion to dismiss, a complaint must supply "factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). The Court must take all material factual allegations as true and draw reasonable inferences in the non-moving party's favor, but the Court is "'not bound to accept as true a legal conclusion couched as a factual allegation,'" or to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

In determining whether a complaint states a plausible claim for relief, a district court must consider the context and "draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A claim is facially plausible when the factual content pleaded allows a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

A *pro se* Plaintiff's submissions must be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quotations omitted); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (stating that a court must "construe a *pro se* complaint liberally"). Nevertheless, *pro se* plaintiffs are not excused from the normal rules of pleading, and "[d]ismissal under Rule 12(b)(6) is proper if the complaint lacks an allegation regarding an element necessary to obtain relief." *Geldzahler v. N.Y. Med. Coll.*, 663 F. Supp. 2d

379, 387 (S.D.N.Y. 2009) (quotations and citation omitted). In other words, the "'duty to liberally construe a plaintiff's complaint [is not] the equivalent of a duty to re-write it.'" *Id.* (quotations omitted).

Where a Plaintiff fails to oppose a motion to dismiss a complaint for failure to state a claim, automatic dismissal is not merited. In such a situation, "the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law." *McCall v. Pataki*, 232 F.3d 321, 322–323 (2d Cir. 2000). As with all Rule 12(b)(6) motions, on an unopposed motion to dismiss, a court is to "assume the truth of a pleading's factual allegations and test only its legal sufficiency." *Id.* at 322. "If a complaint is sufficient to state a claim on which relief can be granted on its face, the plaintiff's failure to respond to a Rule 12(b)(6) motion does not warrant dismissal." *Accurate Grading Quality Assur., Inc. v. Thorpe*, No. 12 Civ. 1343 (ALC), 2013 WL 1234836, at *5 (S.D.N.Y. Mar. 26, 2013).

## DISCUSSION

Defendants move to dismiss Plaintiff's due process claim because it does not state a claim upon which relief can be granted. Defendants also move to dismiss Plaintiff's claim for monetary damages against Defendants in their official capacities. (*See generally* Mem. of Law in Supp. of Def. Mot. to Dismiss he Compl. ("Def. Mot."), ECF No. 15.)

### The Misbehavior Report

Defendants construe Plaintiff's complaint to allege, *inter alia*, that Defendants violated his due process rights when, after they beat him, Defendants fabricated a misbehavior report in order to justify their actions. (Def. Mot. 3.) Defendants' assert that Plaintiff's Fourteenth

Amendment[1] due process claim stemming from the creation of the allegedly false misbehavior report fails to state a claim upon which relief can be granted. (*Id.* at 3–4.) The Court agrees and dismisses Plaintiff's due process claim, without prejudice, with leave to amend.

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). To state a procedural due process claim, Plaintiff must show "(1) that Defendants deprived him of a cognizable interest in life, liberty, or property, (2) without affording him constitutionally sufficient process." *Proctor v. LeClaire*, 846 F.3d 597, 608 (2d Cir. 2017) (quotations omitted).

A prison inmate "has the right not to be deprived of a protected liberty interest without due process of law." *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986). Generally, however, a "prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest." *Willey v. Kirkpatrick*, 801 F.3d 51, 63 (2d Cir. 2015) (citing *Freeman*, 808 F.2d 949 at 951). Therefore, because "[t]he issuance of false misbehavior reports . . . by corrections officers is insufficient on its own to establish a denial of due process," *Mitchell v. Senkowski*, 158 F. App'x. 346, 349 (2d Cir. 2005) (citation omitted), a false misbehavior report violates due process only where

---

[1] Defendants construed Plaintiff's claim as one arising under the due process clause of the Fifth Amendment to the United States Constitution. This claim, however, arises under the Fourteenth Amendment because it involves a state prisoner alleging federal constitutional violations against correction officers in their official capacities. *See* U.S. Const. amend. XIV, § 1 ("nor shall any State deprive any person of life, liberty, or property, without due process of law"); *Dusenbery v. United States*, 534 U.S. 161, 167 (2002) ("The Due Process Clause of the Fifth Amendment prohibits the United States, as the Due Process Clause of the Fourteenth Amendment prohibits the States, from depriving any person of a [cognizable interest] without 'due process of law.'")

Plaintiff can show that "he was disciplined without adequate due process as a result of the report" or "that the report was issued in retaliation for exercising a constitutionally protected right." *Willey*, 801 F.3d at 63 (quotations and citations omitted); *Mitchell*, 158 F. App'x at 349.

Plaintiff's due process claim stemming from the allegedly false misbehavior report fails to state a claim upon which relief can be granted because he does not allege that Defendants deprived him of a cognizable interest in life, liberty, or property, without affording him a constitutionally sufficient process. Plaintiff's Complaint is devoid of any factual allegation concerning an implicated cognizable interest in life, liberty, or property. *Smart v. Goord*, 441 F. Supp. 2d 631, 640 (S.D.N.Y. 2006) ("Because [Defendant] does not allege that []he was deprived of a protected liberty interest as a result of h[is] Tier II hearing and subsequent appeal, the related due process claims against Defendants . . . must be dismissed").[2]

Plaintiff's claim also fails because the factual allegations do not support the contention that Plaintiff was disciplined without adequate due process as a result of the allegedly false report, or that the report was issued in retaliation for exercising a constitutionally protected right. *Willey*, 801 F.3d at 63; *see Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997) (holding that Plaintiff's due process claim stemming from a misbehavior report failed to state a claim because Plaintiff did "not allege any facts suggesting that the hearing . . . following the misbehavior reports was unfair"). The Complaint simply states that the Defendants wrote the misbehavior

---

[2] Plaintiff's complaint does not allege that he was deprived of a liberty interest. Defendants' Motion, however, alludes to a potentially implicated liberty interest resulting from their belief that Plaintiff "received 90 days in keeplock as a result of the hearings on the misbehavior reports." (Def. Mot. 4.) Although this type of confinement may implicate a liberty interest, *see Bunting v. Nagy*, 452 F. Supp. 2d 447, 455–457 (S.D.N.Y. 2006), the Court remains confined to the scant factual allegations within the four corners of the complaint.

report in order to justify their actions during the alleged beating. Without more, Plaintiff fails to state a claim upon which relief can be granted.

Nevertheless, Plaintiff is granted leave to replead his Fourteenth Amendment due process violation. *See Barnes v. United States*, 204 F. App'x. 918, 919 (2d Cir. 2006) (summ. order) (recognizing that a *pro se* complaint "should not be dismissed without granting leave to replead at least once when [a liberal] reading gives any indication that a valid claim might be stated" (quotations omitted)); *Knapp v. Maron*, No. 14–cv–02081 (NSR), 2015 WL 2452409, at *5 (S.D.N.Y. May 22, 2015) (granting *pro se* Plaintiff leave to replead ). The Court cautions Plaintiff that if he chooses to replead this claim, he must provide factual support for this cause of action rather than conclusory allegations. Further, the Amended Complaint will replace, not supplement, the current Complaint. Plaintiff must, therefore, re-assert each and every claim he wishes to bring against Defendants in the Amended Complaint.

### Monetary Damages against Defendants in their Official Capacities

Defendants also move to dismiss Plaintiff's 42 U.S.C. § 1983 claims for monetary damages against Defendants in their official capacity. "[T]he Second Circuit has held that '[t]o the extent that a state official is sued for damages in [his] official capacity, such a suit is deemed to be a suit against the state, and the official is entitled to invoke the Eleventh Amendment immunity belonging to the state.'" *Davis v. Westchester Cty. Family Court*, No, 16-CV-9487 (KMK), 2017 WL 4311039, at *6 (S.D.N.Y. Sept. 26, 2017) (quoting *Gan v. City of New York*, 996 F.2d 522, 529 (2d Cir. 1993)). The Eleventh Amendment generally "forbids suits against states for monetary damages." *Kirkendall v. Univ. of Connecticut Health Ctr.*, 205 F.3d 1323 (2d

Cir. 2000). Thus, Plaintiff's claims for monetary damages against Defendants in their official capacities are dismissed with prejudice.[3]

## CONCLUSION

For the foregoing reasons, Defendants' Partial Motion to Dismiss is GRANTED. Plaintiff's Fourteenth Amendment due process claim is dismissed, without prejudice, and Plaintiff is granted leave to replead the claim in conformity with this opinion. A blank Amended Complaint form is attached.

Plaintiff is directed to file an Amended Complaint in conformance with the above on or before June 19, 2018. Failure to timely file an Amended Complaint will result in the dismissal of the Fourteenth Amendment due process claim stemming from the misbehavior report. The Defendants shall answer or seek a pre-motion conference on any potential motion to dismiss by July 19, 2018.

The Clerk of the Court is respectfully requested to terminate the motion at Docket Number 14, mail a copy of this order to the Plaintiff at the address below, and file proof of service on the docket.

Dated:  April 20, 2018                 SO ORDERED:
       White Plains, New York

_____
NELSON S. ROMÁN
United States District Judge

---

[3]There are three "main exceptions" to the doctrine of sovereign immunity: (1) "sovereign immunity may be voluntarily waived by the state"; (2) "Congress may abrogate states' Eleventh Amendment immunity"; and (3) the exception set forth in Ex Parte Young, 209 U.S. 123 (1908), "which held that the Eleventh Amendment does not bar suits seeking prospective injunctive relief against state officials acting in violation of federal law because that conduct is not considered state action." *Barry v. City University of New York*, 700 F. Supp. 2d 447, 452 (S.D.N.Y. 2010). Taking all material factual allegations from the Complaint as true and drawing reasonable inferences in the Plaintiff's favor, none of these exceptions are applicable in this case.

8

**SERVICE ADDRESS**

Robert Jackson
15-A-1736
Sing Sing Correctional Facility
354 Hunter Street
Ossining, NY 10562

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

_____
_____
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s). If you
cannot fit the names of all of the defendants in the space provided,
please write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The names
listed in the above caption must be identical to those contained in
Part I. Addresses should not be included here.)*

**AMENDED
COMPLAINT**

under the Civil Rights Act,
42 U.S.C. § 1983

Jury Trial: ☐ Yes ☐ No

(check one)

___ Civ. _____ ( )

**I.     Parties in this complaint:**

A.     List your name, identification number, and the name and address of your current place of
confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper
as necessary.

Plaintiff's     Name_____
                ID#_____
                Current Institution_____
                Address_____
                _____

B.     List all defendants' names, positions, places of employment, and the address where each defendant
may be served. Make sure that the defendant(s) listed below are identical to those contained in the
above caption. Attach additional sheets of paper as necessary.

Defendant No. 1     Name _____ Shield #_____
                    Where Currently Employed _____
                    Address _____
                    _____

Defendant No. 2    Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant No. 3    Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Who did
what?

Defendant No. 4    Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant No. 5    Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

## II.    Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.    In what institution did the events giving rise to your claim(s) occur?

_____

_____

B.    Where in the institution did the events giving rise to your claim(s) occur?

_____

C.    What date and approximate time did the events giving rise to your claim(s) occur?

_____

_____

_____

D.    Facts:_____

What
happened
to you?

_____

_____

_____

*Rev. 01/2010*

2

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**Was anyone else involved?**

_____
_____
_____
_____
_____

**Who else saw what happened?**

## III.   Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____
_____
_____
_____

## IV.   Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   Administrative remedies are also known as grievance procedures.

A.       Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

         Yes _____   No _____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____
_____
_____

B.      Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

Yes _____     No _____     Do Not Know _____

C.      Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

Yes _____     No _____     Do Not Know _____

If YES, which claim(s)?
_____

D.      Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

Yes _____     No _____

If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

Yes _____     No _____

E.      If you did file a grievance, about the events described in this complaint, where did you file the grievance?
_____

1.      Which claim(s) in this complaint did you grieve?
_____

_____

2.      What was the result, if any?
_____

_____

3.      What steps, if any, did you take to appeal that decision?  Describe all efforts to appeal to the highest level of the grievance process.
_____
_____
_____
_____

F.      If you did not file a grievance:

1.      If there are any reasons why you did not file a grievance, state them here:
_____
_____
_____

_____
_____
_____

      2.      If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any:

_____
_____
_____
_____
_____
_____

G.     Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

_____
_____
_____
_____
_____
_____
_____
_____

<u>Note</u>:    You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

## V.    Relief:

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

_____

_____

_____

_____

**VI.    Previous lawsuits:**

On these claims

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

     Yes _____ No _____

B.    If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below.  (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

     1.    Parties to the previous lawsuit:

     Plaintiff _____
     Defendants _____

     2. Court (if federal court, name the district; if state court, name the county) _____
     _____

_____ 3.    Docket or Index number _____

_____ 4.    Name of Judge assigned to your case_____

     5.    Approximate date of filing lawsuit _____

     6.    Is the case still pending?  Yes _____ No _____

          If NO, give the approximate date of disposition_____

     7.    What was the result of the case?  (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____
     _____
     _____

On other claims

C.    Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?
     Yes _____    No _____

D.    If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

     1.    Parties to the previous lawsuit:

     Plaintiff _____
     Defendants _____

     2.    Court (if federal court, name the district; if state court, name the county) _____
     _____

_____ 3.    Docket or Index number _____

_____ 4.    Name of Judge assigned to your case_____

     5.    Approximate date of filing lawsuit _____

*Rev. 01/2010*                              6

6.        Is the case still pending?  Yes _____  No _____
          If NO, give the approximate date of disposition_____

7.        What was the result of the case? (For example:  Was the case dismissed?  Was there
          judgment in your favor?  Was the case appealed?)  _____
          _____
          _____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

                    Signature of Plaintiff     _____

                    Inmate Number             _____

                    Institution Address        _____

                                               _____

                                               _____

                                               _____


<u>Note</u>:   All plaintiffs named in the caption of the complaint must date and sign the complaint and provide
          their inmate numbers and addresses.


I declare under penalty of perjury that on this _____ day of _____, 20___, I am delivering

this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for

the Southern District of New York.


                    Signature of Plaintiff:   _____