UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT JACKSON,

              Plaintiff,

-against-

C.O. ANGELA JACKSON, et al.,

              Defendants.

**MEMORANDUM OPINION AND ORDER**

16-CV-08516 (PMH)

PHILIP M. HALPERN, United States District Judge:

    Plaintiff Robert Jackson ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brings this action under 42 U.S.C. § 1983 against Correction Officers Angela Jackson, M. Walker, and J. James (collectively, "Defendants"). (Doc. 2, "Compl."). Specifically, Plaintiff alleges that in June 2015—while incarcerated at Sing Sing Correctional Facility in Ossining, New York ("Sing Sing")—Defendants violated his constitutional rights by: (1) using excessive force against him, in violation of the Eighth Amendment; and (2) filing a false internal complaint against him, in violation of the Fourteenth Amendment. (*See generally id.*).

    On July 10, 2017, Defendants moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff's due process claim along with all claims for monetary damages against them in their official capacities. (Doc. 16). By Opinion & Order dated April 20, 2018, Judge Román granted Defendants' motion and granted Plaintiff leave "to file an Amended Complaint . . . on or before June 19, 2018." (Doc. 19 at 8). Despite securing an extension of the time within which to file his amended pleading, Plaintiff failed to do so. Consequently, the only claim remaining in this action is one for excessive force against Defendants in their individual capacities.

    Defendants filed an Answer on August 30, 2018 (Doc. 22) and, with leave of Court, filed an Amended Answer on October 2, 2019. (Doc. 29, "Am. Ans."). Shortly thereafter, in an Order

issued on October 22, 2019, Judge Román "waive[d] the Initial Pre-trial Conference and direct[ed] the parties to confer and complete a Case Management Plan and Scheduling Order . . . ." (Doc. 30). Although Plaintiff filed a proposed discovery plan on November 19, 2019 (Doc. 32), Defendants filed a letter the following day to request both an extension of time within which to submit a proposed discovery schedule and a pre-motion conference to discuss an anticipated motion for summary judgment on the sole issue of administrative exhaustion (Doc. 31). There was no further activity on the docket in this case until it was reassigned to this Court in April 2020.[1]

On April 13, 2020, the Court granted Defendants' request, set a briefing schedule for the extant summary judgment motion, and directed Defendants to mail a copy of that Order to Plaintiff; Defendants filed an affidavit of service the same day. (Doc. 33; Doc. 34). Approximately one month later, on May 6, 2020, Defendants filed a letter requesting an extension of the briefing schedule. (Doc. 36). In that letter, Defendants noted also that upon "conferr[ing] with the New York State Division of Parole," they had learned that Plaintiff had been released from custody and was believed to be residing at an address in New York, New York. (*Id*.). In an endorsement dated May 7, 2020, the Court granted Defendants' request to extend the briefing schedule and directed Defendants to serve a copy of that Order on Plaintiff; Defendants filed an affidavit of service the next day indicating that the Order had been mailed to Plaintiff's address in New York City. (Doc. 37; Doc. 38).

Defendants filed their motion for summary judgment on June 15, 2020. (Doc. 39; Doc. 40, "Def. Br."). On July 23, 2020, Defendants filed a letter noting that Plaintiff's time to oppose the pending motion had passed and requesting that the Court consider the motion unopposed. (Doc. 44). The Court endorsed the letter on July 24, 2020, extended Plaintiff's time to file an opposition

---

[1] There are two docket entries reflecting reassignment of this matter from Judge Román to this Court on different dates. (*See* Apr. 3, 2020 Entry; Apr. 13, 2020 Entry).

to August 24, 2020 *sua sponte*, and advised that "[i]f plaintiff fails to file his opposition by August 24, 2020, the motion will be deemed fully submitted and unopposed." (Doc. 45). The Court also instructed Defendants to serve a copy of that Order on Plaintiffs (*id*.); Defendants filed an affidavit of service that reflected mailings to both Fishkill and the address in New York City shortly thereafter. (Doc. 46). The Court has received no communications from Plaintiff since November 2019 and, as such, considers the motion fully submitted and unopposed.

For the reasons set forth below, Defendants' motion for summary judgment is GRANTED.

## BACKGROUND

The facts, as recited below, are taken from the Complaint, Defendants' Local Civil Rule 56.1 Statement (Doc. 42, "56.1 Stmt."), and the admissible evidence submitted by the parties.[2]

### I. The Underlying Incident

Plaintiff's factual allegations, *in toto*, are as follows:

> After an arguement [sic] with C.O. Jackson in the messhall[,] I was taken to the bridge area where the defendants beat me into a seizure, then fabricated a misbehavior report to justify their actions.

(Compl. at 4). Plaintiff maintains that this incident occurred on June 4, 2015. (*Id*.).

### II. Plaintiff's Grievance

Plaintiff filed the Grievance on June 17, 2015. (Quick Aff. ¶ 9; Quick Ex. B). Therein, Plaintiff complained that as he "was walking out [of] the messhall" on June 4, 2015, "C.O. Ms.

---

[2] In support of the instant motion, defense counsel filed a Declaration annexing two affidavits (with exhibits) for the Court's consideration. (Doc. 41). The first affidavit is from Quandera T. Quick ("Quick"), the Inmate Grievance Program ("IGP") Supervisor at Sing Sing. (Doc. 41-1, "Quick Aff." ¶ 1). This affidavit attaches as exhibits copies of: (1) New York State Department of Corrections and Community Supervision Directive ("DOCCS") No. 4040 (*id*. 5-21, "Quick Ex. A"); (2) Plaintiff's June 4, 2015 Grievance ("Grievance") (*id*. at 22-23, "Quick Ex. B"); and (3) the written decision issued by Michael Capra, Sing Sing's Superintendent, on August 14, 2015 (*id*. at 24-25, "Quick Ex. C"). The second affidavit is from Rachael Seguin ("Seguin"), the Assistant Director of the IGP for DOCCS and custodian of records for the Central Office Review Committee ("CORC"). (Doc. 41-2, "Seguin Aff."). This affidavit attaches as exhibits copies of: (1) DOCCS Directive No. 4040 (*id*. at 4-20, "Seguin Ex. A"); and (2) the results of a search for appeals filed with the CORC (*id*. at 21-23, "Seguin Ex. B").

Jackson and . . . other[s] . . . beat me down . . . ." (Quick Ex. B). On August 14, 2015, following an investigation into Plaintiff's complaint, the Sing Sing Superintendent issued a written decision denying the Grievance. (Quick Aff. ¶ 11; Quick Ex. C). In full, the Superintendent's written decision reads as follows:

> Grievant claims staff harassment.
>
> The grievant was interviewed by a supervisor. The grievant had nothing further to add to his original complaint and provided no witnesses.
>
> Staff involved were interviewed and provided a written report denying the allegations of wrongdoing or harassing the grievant.
>
> Based on the investigation conducted, insufficient evidence could be found to substantiate the grievant [sic] allegations. Grievance is denied.

(Quick Ex. C). The Superintendent's decision advised that Plaintiff had seven days to appeal the determination to CORC, should he choose to do so (*id.*); however, there is no record that Plaintiff ever appealed to CORC (Quick Aff. ¶ 12; Seguin Aff. ¶¶ 6-7; Seguin Ex. B).

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 56, a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' if it 'might affect the outcome of the suit under the governing law,' and is genuinely in dispute 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Liverpool v. Davis*, 442 F. Supp. 3d 714, 722 (S.D.N.Y. 2020) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "'Factual disputes that are irrelevant or unnecessary' are not material and thus cannot preclude summary judgment." *Sood v. Rampersaud*, No. 12-CV-5486, 2013 WL 1681261, at *1 (S.D.N.Y. Apr. 17, 2013) (quoting *Anderson*, 477 U.S. at 248). The Court's duty, when

determining whether summary judgment is appropriate, is "not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried." *Id.* (quoting *Wilson v. Nw. Mut. Ins. Co.*, 625 F.3d 54, 60 (2d Cir. 2010)). Indeed, the Court's function is not to determine the truth or weigh the evidence; the task is material issue spotting, not material issue determining. Therefore, "where there is an absence of sufficient proof as to one essential element of a claim, any factual disputes with respect to other elements of the claim are immaterial . . . ." *Bellotto v. Cty. of Orange*, 248 F. App'x 232, 234 (2d Cir. 2007) (quoting *Salahuddin v. Goord*, 467 F.3d 263, 281 (2d Cir. 2006)). Claims simply cannot proceed in the absence of sufficient proof as to an essential element.

"It is the movant's burden to show that no genuine factual dispute exists," *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)), and a court must "resolve all ambiguities and draw all reasonable inferences in the non-movant's favor." *Id.* (citing *Giannullo v. City of New York*, 322 F.3d 139, 140 (2d Cir. 2003)). Once the movant has met its burden, the non-movant "must come forward with specific facts showing that there is a genuine issue for trial." *Liverpool*, 442 F. Supp. 3d at 722 (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)). The non-movant cannot defeat a summary judgment motion by relying on "mere speculation or conjecture as to the true nature of the facts. . . ." *Id.* (quoting *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 12 (2d Cir. 1986)). However, "[i]f there is any evidence from which a reasonable inference could be drawn in favor of the opposing party on the issue on which summary judgment is sought, summary judgment is improper." *Sood*, 2013 WL 1681261, at *2 (citing *Sec. Ins. Co. of Hartford v. Old Dominion Freight Line Inc.*, 391 F.3d 77, 83 (2d Cir. 2004)).

Should there be no genuine issue of material fact, the movant must also establish its "entitlement to judgment as a matter of law." *In re Davis New York Venture Fund Fee Litig.*, 805

F. App'x 79, 80 (2d Cir. 2020) (quoting *FIH, LLC v. Found. Capital Partners LLC*, 920 F.3d 134, 140 (2d Cir. 2019)). Stated simply, the movant must establish that the law favors the judgment sought. *Gonzalez v. Rutherford Corp.*, 881 F. Supp. 829, 834 (E.D.N.Y. 1995) (explaining "that summary judgment is appropriate only when . . . law supports the moving party"); *Linares v. City of White Plains*, 773 F. Supp. 559, 560 (S.D.N.Y. 1991) (summary judgment is appropriate when "the law so favors the moving party that entry of judgment in favor of the movant . . . is proper"). This standard applies equally to claims for relief and affirmative defenses. *Giordano v. Market Am., Inc.*, 599 F.3d 87, 93 (2d Cir. 2010) ("The same standard applies whether summary judgment is granted on the merits or on an affirmative defense . . . .").[3]

      The Court is, of course, mindful that "[p]*ro se* litigants are afforded a special solicitude," which includes reading their filings "to raise the strongest arguments they suggest." *Mortimer v. City of New York*, No. 15-CV-7186, 2018 WL 1605982, at *9 (S.D.N.Y. Mar. 29, 2018) (internal quotation marks omitted). "It is through this lens of leniency towards *pro se* litigants that this Court must consider a defendant's motion for summary judgment against a *pro se* plaintiff," *Adams v. George*, No. 18-CV-2630, 2020 WL 5504472, at *5 (S.D.N.Y. Sept. 8, 2020), but the mere fact that a litigant is *pro se* "does not relieve the plaintiff of his duty to meet the requirements necessary to defeat a motion for summary judgment," *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 50 (2d Cir. 2003) (internal quotation marks omitted). Where, as here, a *pro se* litigant fails to oppose a motion for summary judgment, the motion may be granted as unopposed only "if: (1) the plaintiff has received adequate notice that failure to file any opposition may result in dismissal of the case; and (2) the Court is satisfied that the facts as to which there is no genuine dispute show that the

---

[3] "[T]he failure to exhaust administrative remedies in compliance with the [Prison Litigation Reform Act] is an affirmative defense" and it "may be waived" by a defendant who fails to raise it. *Banks v. Cty. of Westchester*, 168 F. Supp. 3d 682, 693 n.3 (S.D.N.Y. 2016) (internal quotation marks omitted). Here, Defendants' Fourth Affirmative Defense was failure to comply with 42 U.S.C. § 1997e. (Am. Ans. ¶ 14).

moving party is entitled to judgment as a matter of law." *McNair v. Ponte*, No. 17-CV-2976, 2020 WL 3402815, at *3 (S.D.N.Y. June 18, 2020) (quoting *Warren v. Chem. Bank*, No. 96-CV-6075, 1999 WL 1256249, at *2 (S.D.N.Y. Dec. 22, 1999)).[4]

## **ANALYSIS**

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as available are exhausted." 42 U.S.C. § 1997e(a). This provision "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes," *Hernández v. Coffey*, 582 F.3d 303, 305 (2d Cir. 2009) (quoting *Porter v. Nussle*, 534 U.S. 516, 532 (2002)), and it is "'mandatory': [a]n inmate 'shall' bring 'no action' (or said more conversationally, may not bring any action) absent exhaustion of available administrative remedies." *Ross v. Blake*, 136 S.Ct. 1850, 1856 (2016) (citation omitted). "Moreover, the PLRA 'requires proper exhaustion, which means using all steps that the prison grievance system holds out.'" *Ayala-Rosario v. Westchester Cty.*, No. 19-CV-3052, 2020 WL 3618190, at *4 (S.D.N.Y. July 2, 2020) (quoting *Williams v. Priatno*, 829 F.3d 118, 122 (2d Cir. 2016)). This "means that 'prisoners must complete the administrative review process in accordance with the applicable procedural rules—rules that are defined not by the PLRA, but by the prison grievance process itself.'" *Gottesfeld v. Anderson*, No. 18-CV-10836, 2020 WL 1082590, at *6 (S.D.N.Y. Mar. 6, 2020) (quoting *Johnson v. Killian*, 680 F.3d 234, 238 (2d Cir. 2012)). Accordingly, the Court looks to the process available to Plaintiff. *See Dinkins v. New York*, No. 19-CV-08447, 2020 WL 5659554, at *6 (S.D.N.Y. Sept. 23, 2020).

---

[4] Given the Court's conclusion that there is no genuine issue of material fact as to exhaustion, it does not need to reach Defendants' request for an evidentiary hearing should the Court find otherwise.

There are three levels of review for inmate grievances at Sing Sing. *See generally Amador v. Andrews*, 655 F.3d 89, 96-97 (2d Cir. 2011) (outlining the three-step process). First, a grievance is reviewed by the Inmate Grievance Resolution Committee ("IGRC"), a facility-level body consisting of inmates and facility staff members. (Quick Ex. A §§ 701.4, 701.5(a)-(b); Senguin Ex. A §§ 701.4, 701.5(a)-(b)). Second, should the inmate be dissatisfied with the IGRC's determination, he may appeal that decision to the Superintendent. (Quick Ex. A § 701.5(c); Senguin Ex. A § 701.5(c)). Finally, if the Superintendent's conclusions are unfavorable, the inmate may appeal that decision to CORC. (Quick Ex. A § 701.5(d)); Senguin Ex. A § 701.5(d)). However, when a grievance concerns staff harassment, DOCCS procedures provide for an expedited review that allows for the complaint to bypass IGRC review and proceed before the Superintendent in the first instance. (*See* Quick Ex. A § 701.8; Senguin Ex. A § 701.8). Both the Superintendent and CORC are required to "date stamp all" grievances or appeals forwarded to them for review (Quick Ex. A §§ 701.5(c)(3), 701.5(d)(3)(i); Senguin Ex. A §§ 701.5(c)(3), 701.5(d)(3)(i)) and require entities to maintain files "for the current calendar year plus the previous four calendar years" (Quick Ex. A § 701.6(k)(3); Senguin Ex. A § 701.6(k)(3)).

Quick represents, as custodian of records maintained by the IGP at Sing Sing, that grievances "are collected from the IGRC mailbox and processed" daily, in accordance with DOCCS procedures. (Quick Aff. ¶ 5). Quick's records reveal that Plaintiff filed the Grievance on June 17, 2015, that the Grievance was forwarded directly to the Superintendent as one concerning staff harassment, and that the Superintendent performed an investigation and issued a written decision denying the Grievance on August 14, 2015. (*Id.* ¶¶ 9-11; Quick Ex. B). However, both Quick and Seguin represent affirmatively that they have no record of Plaintiff taking the final step of appealing the Superintendent's decision to CORC. (Quick Aff. ¶12; Seguin Aff. ¶¶ 6-7).

Even while granting Plaintiff—who filed nothing in opposition to this motion, and, in fact, has filed nothing in this case at all since November 2019 (*see* Doc. 32)—every conceivable benefit of the doubt to which a *pro se* litigant is entitled, there is no genuine issue of material fact on the instant motion. Consequently, summary judgment is proper here because: (1) Defendants established that Plaintiff failed to exhaust his administrative remedies and, as such, also their entitlement to summary judgment on the affirmative defense of Plaintiff's failure to exhaust his administrative remedies as required by the PLRA; and (2) Plaintiff was warned that failure to file an opposition would result in the Court concluding that the motion was unopposed.[5]

## CONCLUSION

Based upon the foregoing, the motion for summary judgment is GRANTED. The Clerk of the Court is respectfully directed to terminate the motion sequence pending at Doc. 39 and to close this case. The Clerk of the Court is directed further to mail a copy of this Memorandum Opinion and Order to Plaintiff at each of the following addresses:

Robert Jackson
15-A-1736
Fishkill Correctional Facility
271 Matteawan Road
P.O. Box 1245
Beacon, New York 12508-0307

Robert Jackson
405 East 105th Street
Apartment 14H
New York, New York 10029

**SO ORDERED:**

Dated: White Plains, New York
March 16, 2021

_____
PHILIP M. HALPERN
United States District Judge

---

[5] Even if the Court did not grant Defendants' motion for summary judgment, it would dismiss the action with prejudice under Federal Rule of Civil Procedure 41(b) as a result of Plaintiff's failure to prosecute this action. Indeed, Plaintiff has not filed anything in this case since he filed a proposed discovery schedule more than a year ago.